PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $18,520.00 IN U.S. CURRENCY,<br><br>    Defendant. | 2:16-MC-00085-MCE-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.   On December 10, 2015, agents with the Drug Enforcement Administration ("DEA") contacted Paizley Sims ("Sims" or "Claimant") at the Sacramento International Airport in Sacramento, California.  Approximately $18,520.00 in U.S. Currency ("defendant currency") was seized from Sims during this encounter.

2.   The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 11, 2016, the DEA received a claim from Sims asserting an ownership interest in the defendant currency.

3.   For the purposes of this settlement only, the Claimant does not dispute the United States' representation that it could show at a forfeiture trial the following: On December 10, 2015, agents with the DEA received information regarding a suspicious ticket purchase by Sims.  Law enforcement agents responded to the terminal, observed Sims exit the flight and made contact with

her. A law enforcement agent approached Sims and requested permission to speak with her. Sims consented.

4.     For the purposes of this settlement only, the Claimant does not dispute the United States' representation that it could show at a forfeiture trial that the law enforcement agent asked if Sims was travelling with any currency and Sims stated she had an unknown amount of currency in one of her carry-on bags. Agents asked and received consent from Sims to search her luggage. Upon the search of Sims's bag, agents found a sealed, yellow manila envelope with cash stuffed inside. Sims accompanied the agents to a private room to discuss the source of the cash. Sims stated that she had gone gambling at the "Cherokee" casino in Atlanta the night before and met an unidentified adult male. The two gambled together and the next morning the adult male gave Sims the manila envelope with money.

5.     For the purposes of this settlement only, the Claimant does not dispute the United States' representation that it could show at a forfeiture trial that the defendant currency was presented to a drug-detection dog who positively alerted to the smell of narcotics on the currency.

6.     For the purposes of this settlement only, the Claimant does not dispute the United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.     Without admitting the truth of the factual assertions contained above, Claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Sims hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Claimant shall hold harmless and indemnify the United States, as set forth below.

8.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of the Consent Judgment of Forfeiture, $10,000.00 of the Approximately $18,520.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,520.00 of the Approximately $18,520.00 in U.S. Currency shall be returned to claimant Paizley Sims through her attorney Sam O'Keefe.

14. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

///
///
///
///
///

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  July 29, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE